Diana Sergeevna MALKONYAN, a.k.a.
Diana Sergeevna Malkonyan; et
al., Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 06–72391.

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 2007.*

Filed June 14, 2007.

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

James L. Rosenberg, Esq., Law Offices
of James L. Rosenberg, Los Angeles, CA,
for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office
of the District Counsel, Department of
Homeland Security, Jennifer L. Light-
body, Esq., San Francisco, CA, DOJ—U.S.
Department of Justice, Civil Div./Office of
Immigration Lit., Washington, DC, for Re-
spondent.

Before: LEAVY, RYMER, and T.G.
NELSON, Circuit Judges.

## MEMORANDUM **

Diana Sergeevna Malkonyan, and her
daughter, Elina Malkonyan, natives and
citizens of Uzbekistan, petition for review
of the Board of Immigration Appeals'
("BIA") decision which affirmed the Immi-
gration Judge's ("IJ") denial of their appli-
cation for asylum, withholding of removal,
and relief under the Convention Against
Torture ("CAT"). We have jurisdiction
under 8 U.S.C. § 1252. "Where, as here,
the BIA adopts the IJ's decision while
adding its own reasons, we review both
decisions." *Kataria v. INS*, 232 F.3d 1107,
1112 (9th Cir.2000). We deny the petition
for review.

Substantial evidence supports the IJ's
adverse credibility finding. The IJ offered
specific and cogent reasons for his finding

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

based on inconsistencies regarding an alleged attack outside Malkonyan's synagogue, what Malkonyan told officials at the U.S. Consulate, and the implausibility of Malkonyan's testimony concerning her knowledge of her Jewish heritage. *See Wang v. INS,* 352 F.3d 1250, 1257–58 (9th Cir.2003); *see also Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

In the absence of credible evidence, Malkonyan has failed to show eligibility for asylum or withholding. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Malkonyan's claim under the CAT is based on the same facts that the IJ found to be not credible, and Malkonyan points to no other evidence that the IJ should have considered, she has failed to establish eligibility for relief under the CAT. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**